IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| **ELENA MARK and PAUL GUSTAFSON,** | CV 01-1575-BR |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| **VALLEY INSURANCE COMPANY and VALLEY PROPERTY AND CASUALTY,** | |
| Defendants. | |

**N. ROBERT STOLL**
**STEVE D. LARSON**
**DAVID F. REES**
Stoll Berne Lokting & Schlacter P.C.
209 S.W. Oak St., Fifth Floor
Portland, OR  97204
(503) 227-1600

**CHARLES A. RINGO**
4085 S.W. 109th Ave.
Beaverton, OR  97005
(503) 643-7500

      Attorneys for Plaintiffs

**DOUGLAS G. HOUSER**
**LOREN D. PODWILL**
Bullivant Houser Bailey P.C.
888 S.W. Fifth Ave., Suite 300
Portland, OR  97204-2089
(503) 228-6351

   Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on the Motion of Plaintiff Paul Gustafson's Counsel for an Award of Attorneys Fees and Reimbursement of Expenses (#201) against Defendant Valley Insurance Company (VIC).  VIC does not oppose the Motion.

For the reasons that follow, the Court **GRANTS** the Motion of Plaintiff Gustafson's counsel and awards attorneys' fees in the amount of **$139,765.30** and costs in the amount of **$14,849.62**.

## BACKGROUND

Paul Gustafson[1] represents a class of insureds who allege VIC violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, when it charged each of them a higher premium than the most favorable premium otherwise available for automobile

---

[1] Plaintiff Elena Mark previously settled her individual claim and claims on behalf of class members against Defendant Valley Property and Casualty.  The Court awarded attorneys' fees and costs to Mark's counsel and approved the settlement agreement.  *See* Opinion and Order issued October 6, 2004, and Order and Final Judgment issued October 27, 2004.

insurance based on information contained in consumer credit reports and then failed to notify each insured of such adverse action. The Court granted VIC's Motion for Summary Judgment. *See* Opinion and Order issued July 17, 2003.

**STANDARDS**

In common-fund actions, the settlement or award creates a fund for distribution to a class. In such actions, the district court has discretion to use either a percentage or lodestar/multiplier method to determine an appropriate award of attorneys' fees to the prevailing party. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)(citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994)). The Ninth Circuit has established 25% of the common fund as a benchmark award for attorneys' fees under the percentage method. *Id*. (citation omitted). The district court, however, "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be indicated." *In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995).

**DISCUSSION**

1. **Attorneys' Fees**.

This Court has approved a Class Action Settlement between

3 - OPINION AND ORDER

the parties in the amount of $464,000.  Plaintiffs' counsel seek an attorneys' fee award of $139,765.30, which represents 30% of the Settlement Fund.  When combined with the attorneys' fees awarded to counsel based on the settlement of the class action involving co-Plaintiff Elena Marks, the amount sought is 100% of the lodestar amount based on an average hourly rate of $200.

The Court applies the same analysis in this matter as it did in making its award of attorneys' fees following the class settlement arising from co-Plaintiff Mark's claims.  As was the case with Marks, Plaintiff Gustafson's counsel seeks an award of attorneys' fees equal to an upward adjustment from the benchmark figure of 25% to 30% of the Class Action Settlement Fund.  The Court finds as follows:

    a.   *Settlement Achieved*:  A Settlement Fund of $464,000 has been created in this action without the necessity of a trial.  This amount equals the minimum amount of statutory damages each class member could be awarded after prevailing at trial, and is approximately 10% of the Class's maximum statutory damages authorized under FCRA.  As noted, the Court found against Gustafson on summary judgment.  The legal issues decided in this case, however, are issues of first impression in the United States.  In view of the potentially substantial legal, factual, economic, and practical obstacles to recovery in this action, including this Court's earlier adverse ruling, the Settlement is an excellent result for the class members.

    b.   *Risks of Litigation and Contingent Nature of the Fee*:  A significant risk of no recovery existed in this litigation so that any recovery for the Class was an uncertain proposition at the outset.  On the other hand, there was a sufficiently favorable

outlook of recovery for seasoned counsel to
undertake the case on behalf of Plaintiffs and the
class members on a contingency fee basis.

c.  *Skill Required and Quality of the Work*:
Plaintiffs' counsel have demonstrated a high
quality of work in prosecuting this action.
Defendants' counsel also demonstrated a high
quality of work in defense of the action.

d.  *Novelty and Difficulty of the Questions Presented*:
This case involves difficult legal issues of first
impression nationwide regarding the meaning of the
words "adverse action" under FCRA and the adequacy
of the notice sent to insureds who suffer from
adverse actions because of information contained
in their consumer credit reports.

e.  *Contingent Nature of the Case/Financial Burden
Carried by Lead Plaintiff's Counsel*:  Plaintiffs'
counsel have received no compensation for this
part of the case during the course of this
litigation.

f.  *The Customary Fee*:  In a matter that was not a
class action, the customary fee arrangement would
be contingent and based on an average percentage
rate of approximately one-third of the recovery.

g.  *Reaction of the Class to the Settlement and
Attorneys' Fees and Expenses Sought*:  No class
members timely objected to the proposed Settlement
or to the amount of attorneys' fees and costs
requested by Plaintiffs' counsel.  No potential
class member has objected to the settlement
negotiated by the parties and only four have opted
out of the class.

h.  *Related Cases before this Court*:  In addition to
co-Plaintiff Marks' claims, this case is one of
approximately seven filed in this Court in which
Plaintiffs' counsel represents insureds who allege
their respective insurance companies violated FCRA
by taking adverse actions against them based on
information in consumer credit reports and failed
to give proper notice to the insureds of the

adverse actions.[2] In each case, the Court has issued Orders either granting or denying summary judgment against the insureds.

    i. *Amount of a Lodestar Award.* Plaintiff's counsel asserts counsel spent approximately 1100 hours for an approximate value of $210,000 prosecuting the claims of Gustafson and Marks in this action, which represents an average hourly rate of approximately $200.00.

After considering the above factors, the Court concludes the circumstances surrounding this action justify an attorneys' fee award of 30% of the Class Action Settlement Fund, which represents an upward adjustment of 5% from the Ninth Circuit's benchmark figure of 25% for attorneys' fee awards in common-fund cases.[3]

## 2. **Expenses**.

Counsel for Plaintiffs advanced expenses on behalf of the class in the amount of $14,849.62 for the initial filing fee and witness fees. Defendant VIC does not oppose the request of

---

[2] For example, *Ashby v. FICO,* CV 01-1446-BR (filed Sept. 28, 2001); *Edo v. Geico Casualty Co.*, CV 02-678-BR (filed May 24, 2002); *Rausch v. Hartford Fin. Svcs. Group,* Cv 01-1529-BR (filed Oct. 16, 2001); *Razilov V. AMCO Ins. Co,* CV 01-1466-BR (filed Oct. 3, 2001); S*pano v. Safeco Ins. Co. of Oregon,* CV 01-1464 (filed Oct. 2, 2001); and *Willes v. State Farm Fire & Casualty*, CV 01-1457-BR (filed Oct. 1, 2001). In *Ashby* and *Razilov*, motions for class certification are pending. In *Ashby, Edo, Rausch, Spano, and Willes,* the parties against whom the Court granted summary judgment have appealed to the Ninth Circuit.

[3] In this Opinion and Order, the Court does not establish a benchmark for determining any potential award of attorneys' fees in the other FCRA cases now before the Court.

counsel for Plaintiffs to be reimbursed for those expenses.  The
Court notes counsel sought and recovered only $430 as costs in
the Marks' matter, deferring the balance until `all matters were
resolved.  The Court concludes the expenses were reasonably and
necessarily incurred in the prosecution of this action and,
therefore, grants the Motion of counsel for Plaintiffs for
reimbursement of those expenses.

### CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Counsel's
Motion for an Award of Attorneys Fees and Reimbursement of
Expenses (#201) and awards attorneys' fees to Plaintiffs' counsel
in the amount of **$139,765.30** plus accrued interest from the date
Class Action Settlement Funds were deposited in an interest-
bearing escrow account.  The Court also awards expenses advanced
by Plaintiffs' counsel to the class in the amount of **$14,849.62**.

IT IS SO ORDERED.

DATED this 31st day of May, 2005.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Court